UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RODNEY JOHNSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:23-CV-00050 |
| | § | |
| PATRICK O'DANIEL, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff Rodney Johnson, proceeding *pro se* in this 42 U.S.C. § 1983 prisoner civil rights action, has filed objections to the undersigned's February 14, 2023 Order to Pay Filing Fee which the undersigned construes as Plaintiff's attempt to show cause why he is unable to pay the full filing fee. (D.E. 6 and D.E. 8). The undersigned has considered Plaintiff's response and recommends he has the ability to pay the full filing fee, for the reasons discussed below. Therefore, the undersigned **RECOMMENDS** Plaintiff's Applications to Proceed *In Forma Pauperis* be **DENIED**. (D.E. 2 and D.E. 7). It is further **RECOMMENDED** that Plaintiff be given a 20 day deadline to pay the full $402.00 filing fee and that this case be dismissed if he fails to timely pay the filing fee.

Plaintiff filed this case on February 13, 2023. (D.E. 1). The same day, in support of his application to proceed *in forma pauperis*, Plaintiff submitted an inmate trust fund account statement which showed a current balance of $1,721.74 as of February 7, 2023. (D.E. 3). Plaintiff's six month average balance was $1,832.57. (D.E. 3). Because

Plaintiff's account statement showed a balance of $1,721.74, the undersigned determined Plaintiff had sufficient funds to pay the full filing fee of $402.00. (D.E. 6). Therefore, in the Order to Pay the Filing Fee, the undersigned directed Plaintiff to either pay the full filing fee on or before March 6, 2023 or to show cause why he could not pay the filing fee in this civil action. (D.E. 6).

Rather than pay the filing fee, Plaintiff argues that as a prisoner and Orthodox Jew, he should not be required to pay the full filing fee because he uses the stimulus funds in his account to buy items TDCJ does not provide to him, to call his mother and to buy hygiene items. (D.E. 8, Page 3). Plaintiff further argues he has "debts exceeding $20,000.00" and that he has a "legally protected interest" in the funds. (D.E. 8, Page 3). The undersigned finds these arguments to be without merit. The decision whether to grant or deny an IFP application lies within the sound discretion of the Court. *Timms v. Douthit*, No. 5:20-cv-67-M-BQ, 2020 WL 3410464, at *3 (N.D. Tex. June 22, 2020) ("Proceeding IFP in a civil case is a privilege, not a right.") (citation omitted). As explained in the Order to Pay Filing Fee, Plaintiff's inmate trust fund account statement demonstrates he has sufficient funds in his account as of February 7, 2023 to pay the $402.00 filing fee in full. 28 U.S.C. 1915(a)(2) (Determinations regarding an inmate's IFP status are based on the inmate's financial condition during the six month period immediately prior to the filing of the case); *Timms*, 2020 WL 3410464, at *2 (If a prisoner decides to spend his funds elsewhere after filing a federal civil suit, this would justify the denial of IFP status).

Therefore, the undersigned **RECOMMENDS** Plaintiff's Applications to Proceed *In Forma Pauperis* be **DENIED**.  (D.E. 2 and D.E. 7).  It is further **RECOMMENDED** that Plaintiff be given a 20 day deadline to pay the full $402.00 filing fee and that this case be dismissed if he fails to timely pay the filing fee.   Plaintiff is cautioned not to deplete or spend the money in his inmate account.  The willful exhaustion of his savings will not excuse Plaintiff from pre-paying the filing fee in this instance and will result in Plaintiff's case being dismissed.

ORDERED on March 3, 2023.

Jason B. Libby
United States Magistrate Judge

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).