UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RODNEY JOHNSON, | § | |
| | § | |
| Plaintiff, | § | |
| V. | § | CIVIL ACTION NO. 2:23-CV-00050 |
| | § | |
| PATRICK O'DANIEL, et al., | § | |
| | § | |
| Defendants. | § | |

United States District Court
Southern District of Texas
ENTERED
May 16, 2023
Nathan Ochsner, Clerk

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION AND DENYING MOTION TO REMIT

Before the Court is Magistrate Judge Jason Libby's Memorandum and Recommendation ("M&R"). (D.E. 9). The M&R recommends that the Court deny Plaintiff's applications to proceed *in forma pauperis* ("IFP"). *Id.* at 1 (referencing D.E. 2 and D.E. 7). The M&R further recommends that the Court order Plaintiff to pay the $402 filing fee within twenty days and that his case be dismissed if he fails to do so. *Id.* at 1. Plaintiff timely filed written objections to the M&R. (D.E. 10), and timely filed a supplement to those objections. (D.E. 11). Plaintiff also filed a "motion to remit the magistrate judge[']s order to pay the court[']s filing fee." (D.E. 12).

### I. Plaintiff's Objections are Overruled.

When a party objects to the findings and recommendations of a magistrate judge, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

Plaintiff's objections are largely unclear. *See* (D.E. 10). It appears that Plaintiff is alleging

that Magistrate Judge Libby was biased in his review of Plaintiff's pleadings and IFP applications. *See id.* at 2. However, Plaintiff has not pointed to any evidence that indicates bias on the part of Magistrate Judge Libby. *See id.* Plaintiff also seemingly argues that he attempted to pay the filing fee but cannot as he is an inmate and cannot "demand" that the Texas Department of Criminal Justice ("TDCJ") "immediately release" the required amount from his inmate trust fund account. *See id.* Plaintiff has attached what appears to be requests for monetary withdrawals from his inmate trust fund account in support of this claim. *See id.* at 3–4; (D.E. 11). Regardless of these purported, attempted withdrawals, the Court has not received Plaintiff's filing fee, and Plaintiff initiated this suit over three months ago. *See* (D.E. 1, p. 10).

Having reviewed the proposed findings and conclusions of the M&R, the record, the applicable law, and having made a de novo review of the portions of the M&R to which Plaintiff's objections are directed, 28 U.S.C. § 636(b)(1)(C), the Court **OVERRULES** Plaintiff's objections, (D.E. 10), and **ADOPTS** the findings and conclusions of the M&R, (D.E. 9). As such, Plaintiff's IFP applications are **DENIED**. (D.E. 2; D.E. 7). Plaintiff has **twenty days** to pay the full $402 filing fee. The Court encourages Plaintiff to review TDCJ's policies on accessing and withdrawing money from an inmate trust fund account. If Plaintiff fails to pay the filing fee within twenty days, his case will be dismissed.

## II. Plaintiff's Motion to Remit Is Denied.

In Plaintiff's motion to remit, he argues that 38 U.S.C. § 4323(h)(1) "permits veterans [such] as [himself] to commence an action without having to pay court filing fees." (D.E. 12, p. 1). Section 4323(h)(1) states, "No fees or court costs may be charged or taxed against any person claiming rights *under this chapter*." 38 U.S.C. § 4323(h)(1) (emphasis added). For this statute to apply, a plaintiff must be claiming rights under Chapter 43 of Title 38 of the United States Code.

otherwise known as the Uniformed Services Employment and Reemployment Rights Act ("USERRA"). *See id.*; *Chance v. Dall. Cnty. Hosp. Dist.*, 176 F.3d 294, 296 (5th Cir. 1999) ("one claiming rights under the USERRA, and only the USERRA, may not be taxed costs" (citation omitted)). In this case, Plaintiff is not bringing a claim, or seeking to vindicate a right conferred, under USERRA. *See* (D.E. 1). As such, § 4323(h)(1) does not apply, and Plaintiff must pay the filing fee if he wishes to proceed with this case. Plaintiff's motion to remit the magistrate judge's order to pay the Court's filing fee is **DENIED**. (D.E. 12).

SO ORDERED.

DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Dated: Corpus Christi, Texas
May 16, 2023