United States District Court
Southern District of Texas
**ENTERED**
September 27, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RODNEY JOHNSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:23-CV-00050 |
| | § | |
| PATRICK O'DANIEL, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION
TO DISMISS CASE**

Plaintiff Rodney Johnson, a Texas inmate appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action seeking to be paid for the work he does as an inmate in the Texas Department of Criminal Justice (TDCJ).  Plaintiff alleges the failure of TDCJ officials to compensate him for the work he does as an inmate prevents him from tithing to his church.  Plaintiff seeks monetary and injunctive relief.

Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act.  *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A.  For purposes of screening and for the reasons set forth below, the undersigned recommends, that except for Plaintiff's claim brought under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc, *et seq*  ("RLUIPA"), all of Plaintiff's remaining claims be **DISMISSED with prejudice** as frivolous, malicious or for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).  It is further recommended that all of Plaintiff's RLUIPA claims be **DISMISSED without prejudice** for lack of subject matter

jurisdiction. It is further recommended, as an alternative or additional reason, that Plaintiff's First Amendment claim be dismissed for lack of subject matter jurisdiction.  It is further recommended that this case be dismissed in its entirety and the  dismissal of this case count as a "strike" for purposes of 28 U.S.C. § 1915(g).

## I.    JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.  This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II.    PROCEDURAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) and is currently confined at the McConnell Unit in Beeville, Texas.  Plaintiff is serving a life sentence.

On November 12, 2019, Plaintiff filed a substantially similar case in *Johnson v. Wainwright, et al.*, Case No. 2:19-cv-341 (S.D. Tex. filed on November 12, 2019) (N. Ramos presiding) (*"Johnson I*).  In *Johnson I*, Plaintiff named the following TDCJ officials and entity as defendants: (1) Dale Wainwright, Chairman of the Texas Board of Criminal Justice (TBCJ); (2) Bryan Collier, TDCJ Executive Director; (3) Lorie Davis, TDCJ Director; (4) David Gutierrez, Presiding Officer of the Texas Board of Pardons and Paroles (Board); and (5) the TDCJ Parole Division.  Plaintiff alleged the failure to compensate him for his TDCJ employment prevented him from tithing, a tenant of his Jewish faith. Plaintiff alleged the TDCJ policies violated the Thirteenth  Amendment, Due Process, the Eighth

Amendment, Equal Protection, and RLUIPA.  Plaintiff further alleged state law claims including negligent infliction of emotional distress, invasion of privacy, negligence, and a claim under the Texas Religious Freedom Restoration Act (TRFRA). Plaintiff's RLUIPA claim was dismissed without prejudice on Defendants' motion for summary judgment based on Plaintiff's failure to exhaust his administrative remedies.  (*Johnson I*, D.E. 58).  All of Plaintiff's remaining claims were dismissed earlier in the case on PLRA screening as frivolous or for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).  (*Johnson I*, D.E. 18).

Plaintiff filed the instant action on February 13, 2023, naming the following defendants: (1) Patrick O'Daniel, Chairman of the TBCJ; (2) Bryan Collier, TDCJ Executive Director; (3) Billy Hirsch, Director of Texas Correctional Industrial (TCI); and (4) Elbert Holmes, Warden of the TDCJ's McConnell Unit. (D.E. 1).  On July 18, 2023, Plaintiff appeared telephonically at a *Spears*[1] hearing and was given an opportunity to explain his claims.  After the *Spears* hearing, the undersigned entered a written order directing Plaintiff to file an amended complaint.  (D.E. 23).  The Court received Plaintiff's amended complaint on August 4, 2023.  (D.E. 24).

Plaintiff names the same defendants in his amended complaint as he named in his original complaint.  Plaintiff sues Defendants in their individual and official capacities.

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).   The evidentiary hearing is "in the nature of a motion for more definite statement." *Id.* at 181-82. The prisoner's testimony at the hearing is a more elaborate form of response to questionnaires that courts submit to prisoners so that they may set out in greater detail the bases for their claims. *Id.*

(D.E. 24, p. 2).  During the *Spears* hearing or in his Amended Complaint, Plaintiff alleges

the following facts:

- Plaintiff is an Orthodox Jew.  He has been practicing this faith for 22 years.  He has faithfully attended Jewish services over this time period.

- Plaintiff works in the McConnell Unit garment factory where he makes articles of clothing which the TDCJ sells for profit (over $50 million from their 10 garment factories statewide).

- Plaintiff receives no compensation for his labor.

- Plaintiff's religious belief requires that he be compensated for his labor.  His religious teachings require him to be compensated so that he tithe a tenth of his labor to God.

- Defendants owe Plaintiff a duty of care to ensure that Plaintiff adhere to his religious belief.

- Defendants knew or should have known that the denial of compensation for his labor violated his Orthodox Jewish religious belief.

- Defendants' policy of not compensating Plaintiff for his labor forces Plaintiff to choose between activities that violate his belief or face punishment/disciplinary action which will prolong his incarceration.

- Plaintiff requested to be compensated for his labor and was told by his "supervisor" that he will get a disciplinary action if he refuses to work.

Based on these allegations, Plaintiff asserts the following claims:

- Defendants' action in refusing to accommodate Plaintiff's right to meaningfully observe his religious beliefs violated his RLUIPA rights and the Texas counterpart under the TRFRA.  (D.E. 24, p. 2).

- Defendants' refusal to accommodate Plaintiff's religious beliefs of tithing from the labor he performs violates the First Amendment, Fifth Amendment, Eighth Amendment, Ninth Amendment, Tenth Amendment, Thirteenth Amendment, and Fourteenth Amendments as well as "parallel State Constitutions." (D.E. 24, pp. 5-9). Plaintiff specifically claims that his Equal Protection rights have been violated, citing the fact that other religious sects are allowed to practice their faiths and not him (Muslims are provided pork free meals and allowed to grow beards; Native Americans are allowed to grow their hair long; and Jewish inmates are provided Kosher meals). (D.E. 24, p. 6).

Plaintiff seeks monetary relief in the form of actual, compensatory, and punitive damages. Plaintiff further asks that he be paid a fair market wage as a Garment Seamstress.

## III.   LEGAL STANDARD

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to

present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable. *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id*.

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988). A defendant acts under color of state law

if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties. *Townsend v. Moya*, 291 F.3d 859, 861 (5th Cir. 2002).

## IV.   DISCUSSION

### A.  Malicious Prosecution of Claims Previously Dismissed

With the exception of Plaintiff's RLUIPA claim which was dismissed without prejudice due to his failure to exhaust, all of Plaintiff's remaining claims should be dismissed under the malicious prong of the IFP statute, 28 U.S.C. § 1915(e)(2)(B)(i). Plaintiff filed the substantially same case in *Johnson I.*  In *Johnson I*, Plaintiff alleged his rights were being violated because he wasn't being paid for his prison job and the failure to receive compensation prevented him from tithing.  Plaintiff was granted leave to amend his complaint (*Johnson I*, D.E. 15 & D.E. 16), and he also was given an opportunity to explain his claims during a *Spears* hearing.  Further, Plaintiff was given notice of the undersigned's screening memoranda and an opportunity to object. (*Johnson 1,* D.E. 10, D.E. 17, & D.E. 18). Plaintiff's objections were considered, and all of Plaintiff's claims were dismissed except for Plaintiff's RLUIPA claim.  (*Johnson I*, D.E. 14, D.E. 23) Plaintiff's RLUIPA claim was later dismissed without prejudice because Plaintiff failed to exhaust his administrative remedies.

*Johnson I*, is substantially the same as the instant case.  Plaintiff names the TBCJ chairman as a defendant. In *Johnson I*, the TBCJ chairman was Dale Wainwright.  In the instant case, Patrick O'Brian is alleged to be the TBCJ chairman. Brian Collier is named

in both actions.  Plaintiff dropped Lorie Davis, David Gutierrez and the TDCJ Parole Division from the instant action.  He added Billy Hirsch, the Director of the Texas Correctional Industries, and Elbert Holmes, the TDCJ McConnel Unit Warden.  However, the persons named or not named in the instant action do not change the nature of Plaintiff's claims to be paid for his TDCJ job and to use a portion of that money to tithe.  The cases are substantially the same no matter who Plaintiff names as a defendant.

The legal claims are also substantially the same. In *Johnson I,* Plaintiff alleged the TDCJ policies violated the Thirteenth  Amendment, Due Process, the Eighth Amendment, Equal Protection, RLUIPA, and various state law claims. In the instant action, Plaintiff alleges TDCJ's refusal to accommodate Plaintiff's religious beliefs of tithing from the labor he performs violates the First Amendment, Fifth Amendment, Eighth Amendment, Ninth Amendment, Tenth Amendment, Thirteenth Amendment, and Fourteenth Amendments as well as parallel State Constitutions.  The only difference is Plaintiff added First, Ninth, and Tenth Amendment claims and an unspecified state constitution claim. The addition of these claims is insignificant.  RLUIPA provides greater protection than the First Amendment.  *Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 813 (8th Cir. 2008).  Further, Plaintiff has not alleged how the Ninth or Tenth Amendment are applicable to his case. Whether Plaintiff characterizes his claims as being brought under the First Amendment or the Fourteenth Amendment, RLUIPA or the Texas Constitution, the claims are the same as those previously dismissed and equally lack merit.

"It is well-accepted that courts may appropriately dismiss an IFP action as frivolous, when the action 'seek[s] to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff.'" *Shabazz v. Franklin*, 380 F. Supp. 2d 793, 802 (N.D. Tex. 2005) (citing *Wilson v. Lynaugh,* 878 F.2d 846, 850 (5th Cir. 1989)).  "A complaint is malicious if it duplicates claims involving the same series of events and allegations of many of the same facts asserted by the same plaintiff in prior or pending litigation." *Amrhein v. United States*, 740 F. App'x 65, 66 (5th Cir. 2018) (per curiam); *see also Shakouri v. Davis*, 923 F.3d 407, 410 (5th Cir. 2019) ("We have repeatedly stated that a claim qualifies as malicious if it is virtually identical to and based on the same series of events as a claim previously brought by the plaintiff."); *Hardin v. Pack Unit*, No. 4: 20-cv-1915, 2020 WL 3077950, at *2 (S.D. Tex. June 10, 2020) (Gilmore, J.) (A district court may dismiss as malicious a pauper's complaint that duplicates allegations of another pending federal lawsuit filed by the same plaintiff).  Plaintiff was given a fair opportunity to allege, explain, and amend his claims in *Johnson I.*  With the exception of Plaintiff's RLUIPA claim which was dismissed without prejudice, all of Plaintiff's other claims should be dismissed on PLRA screening as malicious because Plaintiff is seeking to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated.

Additionally, the Fifth Circuit has held that claims such as Plaintiff's are not viable. The Fifth Circuit has repeatedly held that similar claims brought under the Thirteenth

Amendment fail to state a claim for relief. "Compelling an inmate to work without pay is not unconstitutional." *Murray v. Mississippi Dep't of Corr.*, 911 F.2d 1167 (5th Cir. 1990). *See also Villarreal v. Morales,* 370 F. App'x 542, 543 (5th Cir. 2010) ("The Thirteenth Amendment ... excepts, from the general prohibition, compelled labor as punishment for a crime. That exception applies even where the inmate, as in Villarreal's case, is not sentenced specifically to labor.") (citation omitted); *Smith v. Dretke,* 157 F. App'x 747, 748 (5th Cir. 2005) ("The Thirteenth Amendment permits involuntary servitude without pay as punishment after conviction of an offense, even when the prisoner is not explicitly sentenced to hard labor."); *Walton v. Texas Dep't of Criminal Justice, Inst. Div.,* 146 F. App'x 717, 718 (5th Cir. 2005) ("Compelling an inmate to work without pay does not violate the Constitution even if the inmate is not specifically sentenced to hard labor."); *Ali v. Johnson,* 259 F.3d 317 (5th Cir. 2001) ("[I]nmates sentenced to incarceration cannot state a viable Thirteenth Amendment claim if the prison system requires them to work."). *Reese v. Skinner*, 322 Fed. Appx. 381, 383 (5th Cir. 2009) (inmates do not have a right to refuse to work).

While it is understandable Plaintiff feels aggrieved, requiring an inmate to work is not an unusual or atypical condition of confinement. *See Gill v. Texas Dep't of Criminal Justice,* No. 95–20723, 1996 WL 60544, at *2 (5th Cir. Jan. 23, 1996); *Ibarra v. Fed. Bureau of Prisons,* No. 5:12–CV–139, 2013 WL 6065445, at *3 (N.D. Tex. Nov. 18, 2013).

Additionally, Plaintiff names Billy Hirsch, the TCI Director as a defendant. Plaintiff alleges that Mr. Hirsch is responsible for reviewing policies, rules, and regulations. (D.E.

24, p. 2). Plaintiff further names McConnell Unit Warden Elbert Holmes as a defendant because he is responsible for reviewing policies and the discipline of all correctional staff at the McConnel Unit.  Plaintiff's allegations fail to state any viable legal or factual theory of liability against Hirsch or Holmes.  There is simply no allegation that either of these Defendants is liable to Plaintiff.  *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 556.

Therefore, the undersigned recommends, that except for Plaintiff's RLUIPA claims, all of Plaintiff's remaining claims be **DISMISSED with prejudice** as malicious, frivolous, or for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

### B.    Plaintiff's First Amendment[2] and RLUIPA Claims.

The First Amendment to the United States Constitution provides that Congress shall make no law respecting the establishment of religion, or prohibiting the free exercise thereof. U.S. Const., amend. I.  The United States Supreme Court has held that prisoners retain their First Amendment right, including the right to free exercise of religion.  *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987).

Nevertheless, an inmate retains only those First Amendment rights which "are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system."  *Pell v. Procunier*, 417 U.S. 817, 822 (1974).  Thus, a prisoner's right to practice his religion may be limited where the prison officials establish that there is a legitimate penological objective.  *Id.*; *Cruz v. Beto*, 405 U.S. 319, 322, n. 2 (1972) (per

---

[2] The undersigned believes Plaintiff's First Amendment claim should be dismissed as malicious as set forth in the proceeding section.  However, the undersigned includes Plaintiff's First Amendment claim in this section as an alternative ground for dismissal.

curiam); *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir. 1995).  "[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests."  *O'Lone*, 482 U.S. at 349 (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)).  RLUIPA imposes a more stringent standard than the First Amendment standard.  *Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 813 (8th Cir. 2008).

Plaintiff claims a RLUIPA violation as he is forced to work against his religious beliefs upon threats of punishment. The RLUIPA provides that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution," unless the government shows that the burden both "is in furtherance of a compelling governmental interest" and "is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc–1(a). The statute also provides for a cause of action for a RLUIPA violation. 42 U.S.C. § 2000cc–2(a).

Under RLUIPA, a plaintiff bears the initial burden of showing that "the challenged government action 'substantially burdens' the plaintiff's 'religious exercise.'" *Mayfield v. Tex. Dept. of Criminal Justice.*, 529 F.3d 599, 613 (5th Cir. 2008).  Religious exercise is substantially burdened if the burden "truly pressures the adherent to significantly modify his religious behavior and significantly violate his religious beliefs." *Adkins v. Kaspar*, 393 F.3d 559, 570 (5th Cir. 2004). Once the plaintiff meets his initial burden, the burden shifts to the government to "demonstrate that its action was supported by a compelling interest and that the regulation is the least restrictive means of carrying out that interest." *Mayfield*, 529 F.3d at 613.

In determining whether Plaintiff has stated a viable claim under RLUIPA or the First Amendment, this Court's recent decision in *Aiello v Wainwright*, No.2:22-cv-00018 (S.D. Tex. order July 6, 2023, D.E. 66) is instructive.  Mr. Aiello is a Texas inmate who filed a lawsuit alleging, among other things, that TDCJ's failure to compensate him for his prison employment prevented him from tithing and violated RLUIPA and the First Amendment. (*Id.*, D.E. 9).  Included in the Court's initial rulings were the dismissal of Aiello's RLUIPA and First Amendment claims against the TBCJ Chairman and the TDCJ Executive Director in their official capacities for injunctive relief as barred by Eleventh Amendment sovereign immunity.  (*Id.*, D.E. 43, p. 2).  In barring Aiello's RLUIPA and First Amendment claims for injunctive relief against these defendants, the Court determined that Aiello's request for injunctive relief was "actually a request for monetary damages, which must be paid from the state treasury and cannot be paid by any state official." (*Id.*, D.E. 43, p. 10).   The Court initially retained Aiello's RLUIPA and First Amendment claims against the TBCJ Chairman and the TDCJ Executive Director in their official capacities for declaratory relief, finding that such claims fell within the *Ex parte Young*, 209 U.S. 123, 159-60 (1908), exception to Eleventh Amendment immunity.  (*Id.*, D.E. 43, pp. 2, 12-13).   However, on reconsideration, this Court dismissed Aiello's RLUIPA and First Amendment claims for declaratory relief, finding the *Ex Parte Young* exception inapplicable.  (*Id.*, D.E. 66, p. 2).

In *Aiello,* this Court reasoned on reconsideration that Plaintiff's claim for declaratory relief was essentially a claim seeking an injunction compelling Defendants to

pay Plaintiff for his prison job.  (*Id.*, D.E. 66, p. 14).  This Court found the reasoning in *Williams v. Connally, No. 17-1631, 2017 WL 5479508* (D. N.J. Nov. 15, 2017) persuasive. In *Williams*, the Court found the plaintiff's claims to compel the State of New Jersey to change its interpretation of a Medicaid regulation to be a form of equitable relief that is the "functional equivalent to damage awards."  *Id.* at 9.  The New Jersey District Court found the *Ex Parte Young* exception was inapplicable.

> In *Aiello* this Court held:
>
> Because the Court lacks subject matter jurisdiction to order Defendants to pay Plaintiff for his prison job, it follows that the Court also lacks jurisdiction to issue an enforceable declaration that Defendants are violating either RLUIPA or the First Amendment by not paying Plaintiff for his prison job. Because the Court lacks subject matter jurisdiction to entertain Plaintiffs RLUIPA and First Amendment claims seeking declaratory relief against Defendants in their official capacities, the Court grants Defendants motion for reconsideration. (*Aiello, D.E. 66, p. 16*).

There is no distinction between the RLUIPA and First Amendment claims in *Aiello* and the instant case.  All of Plaintiff's claims under RLUIPA and the First Amendment should be dismissed as they were in *Aiello* because the Court lacks subject matter jurisdiction.  *Sua sponte* dismissal is required when a court discovers it does not have jurisdiction.  *Carver v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021); Fed. R. Civ. P. 12(h)(3).  In the context of sovereign immunity, dismissals based on lack of subject matter jurisdiction should be a dismissal without prejudice. *Mitchell v. Bailey*, 982 F.3d 937, 944 (5th Cir. 2020).

Therefore, the undersigned respectfully recommends that all of Plaintiff's First Amendment and RLUIPA claims be **DISMISSED without prejudice**.

14 / 16

## V.    RECOMMENDATION

The undersigned recommends, that except for Plaintiff's RLUIPA claim, all of Plaintiff's claims be **DISMISSED with prejudice** as frivolous, malicious or for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).  It is further recommended that all of Plaintiff's RLUIPA claims be **DISMISSED without prejudice** for lack of subject matter jurisdiction. It is further recommended, as an alternative or additional reason, that Plaintiff's First Amendment claim be dismissed for lack of subject matter jurisdiction. Finally, it is recommended that this dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g), and that the Clerk of Court be instructed to send notice of this dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

ORDERED on September 27, 2023.

Jason B. Libby
United States Magistrate Judge

## <u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).