Case 2:23-cv-00050   Document 28   Filed on 05/15/24 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
May 15, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RODNEY JOHNSON, | § | |
| | § | |
| Plaintiff, | § | |
| V. | § | CIVIL ACTION NO. 2:23-CV-00050 |
| | § | |
| PATRICK O'DANIEL, *et al.*, | § | |
| | § | |
| Defendants. | § | |

### ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Before the Court is Magistrate Judge Jason Libby's Memorandum and Recommendation ("M&R"). (D.E. 25). The M&R recommends that the Court:

(1) dismiss all of Plaintiff's claims—with the exception of Plaintiff's Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc–2000cc-5, claim—with prejudice as frivolous, malicious, or for failure to state a claim; and

(2) dismiss Plaintiff's RLUIPA claim without prejudice for lack of subject matter jurisdiction.

(D.E. 25, p. 15). Plaintiff filed written objections to the M&R. (D.E. 27).[1]

When a party objects to the findings and recommendations of a magistrate judge, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989)

---

[1] Plaintiff's objections were due October 19, 2023. *See* (D.E. 25, p. 16) (setting deadline for objections as fourteen days after being served a copy of M&R); (D.E. 27, p. 1) (noting that Plaintiff received M&R on October 5, 2023). Although the objections were not filed in the Court's docketing system until November 13, 2023, (D.E. 27, p. 1), a document is deemed filed by a pro se inmate when it is delivered to prison authorities for mailing, postage pre-paid. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). Plaintiff's objections state they were executed on October 16, 2023. (D.E. 27, p. 10). As such, the Court finds Plaintiff's objections timely.

(per curiam).

Plaintiff first appears to object to the M&R's recommendation that his claims, excluding his RLUIPA claim, be dismissed with prejudice. *See* (D.E. 27, p. 2). Plaintiff argues that the M&R "is in violation of Judge Ramos's ruling" in *Johnson v. Wainwright*, No. 2:19-CV-341 (S.D. Tex.). *Id.*[2] Additionally, Plaintiff argues that his claims are not the same as those brought in *Johnson* because the facts giving rise to the instant claims happened after *Johnson*. *See* (D.E. 27, p. 2–3). Further, Plaintiff argues that even if the claims brought in this case are the same as those in *Johnson*, the case was dismissed without prejudice and thus does not have a *res judicata* effect. *See id.* at 3. In sum, liberally construing Plaintiff's objections, it appears that he is objecting to Judge Libby's recommendation that most of his claims be dismissed with prejudice as malicious, frivolous, or for failure to state a claim. *See* (D.E. 25, p. 11; D.E. 27, p. 2–5).

First, Plaintiff's argument that Judge Ramos's prior rulings preclude dismissal of Plaintiff's claims is unavailing. Plaintiff provides no argument for how dismissal of these claims, because they have already been brought, is inconsistent with the holding in *Johnson*. *See* (D.E. 27, p. 2). As the M&R states, Plaintiff's non-RLUIPA claims are malicious because Plaintiff has already alleged claims arising from a common series of events, and even if Plaintiff's claims are not similar to the previous claims, the Fifth Circuit has held that claims such as Plaintiff's are not viable. *See* (D.E. 25, p. 9); *Villarreal v. Morales*, 370 F. App'x 542, 543 (5th Cir. 2010) (per curiam); *Smith v. Dretke*, 157 F. App'x 747, 748 (5th Cir. 2005) (per curiam); *Walton v. Tex. Dep't of Crim. Just., Inst. Div.*, 146 F. App'x 717, 718–19 (5th Cir. 2005) (per curiam). Plaintiff's argument that the timeline of events prevents dismissal of his non-RLUIPA claims, *see* (D.E. 27, p. 2–3),

---

[2] Plaintiff does not specify which of Judge Ramos's ruling he is referring to. *See id.* The Court assumes that Plaintiff intended to reference Judge Ramos's D.E. 33 order in which she noted that "tithing has been treated as a religious exercise." *Johnson*, 2:19-CV-00341 (D.E. 33, p. 4).

misunderstands the law. *See Amrhein v. United States*, 740 F. App'x 65, 66 (5th Cir. 2018) (per curiam) (holding that "[a] complaint is malicious if it duplicates claims involving the same series of events and *allegations of many of the same facts* asserted by the same plaintiff in prior or pending litigation" (emphasis added) (citations omitted)); (D.E. 25, p. 9). As Judge Libby correctly pointed out, because Plaintiff's claims in this case involve the same events and many of the same facts as the claims brought by Plaintiff in *Johnson*, they are malicious. *See* (D.E. 25, p. 7–9). Further, Plaintiff's argument that the previous case, *Johnson*, was dismissed without prejudice and thus does not have a preclusive effect, (D.E. 27, p. 3), is unavailing as all the claims in *Johnson*—except for his RLUIPA claim for nonmonetary relief, which was later dismissed for failure to exhaust, *see Johnson*, 2:19-CV-00341 (D.E. 58, p. 18)—were dismissed with prejudice, *id.* (D.E. 23, p. 2); *Amrhein*, 740 F. App'x at 66 (holding that claims are malicious if they duplicate prior claims involving similar facts).[3] As such, the Court overrules Plaintiff's objections to the M&R's disposition of his non-RLUIPA claims.

Plaintiff also objects to the M&R's recommendation that his RLUIPA claim be dismissed without prejudice. *See* (D.E. 27, p. 5, 8). Plaintiff argues that the M&R erred in relying on the pro se pleadings in *Aiello v. Wainwright*, No. 2:22-CV-00018 (S.D. Tex.). *See id.* at 8. And, Plaintiff argues that the M&R acts as "an unconstitutional repeal of RLUIPA" because it relies on a limited

---

[3] Plaintiff also objects to the M&R's construction of his complaint, arguing that he did not raise a Thirteenth Amendment claim. (D.E. 27, p. 3). While Plaintiff is correct in that his live complaint did not specifically reference the Thirteenth Amendment, *see* (D.E. 24), courts must construe pro se filings liberally, *see Collins v. Dall. Leadership Found.*, 77 F.4th 327, 330 (5th Cir. 2023). The M&R did not err in liberally construing Plaintiff's complaint as bringing a Thirteenth Amendment claim. *See* (D.E. 24, p. 6) (arguing that Defendants are "forcing Plaintiff to work against his will"). Plaintiff's complaint references numerous statutes proscribing forced labor; *see* (D.E. 24, p. 9); however, none of these statutes bar prisons from requiring inmates to work, *see* 18 U.S.C. § 1761(a) (excluding, explicitly, prisoners in penal institutions from scope of statute); *Walker v. Dir. Tex. Dep't of Crim. Just.*, 177 F. App'x 426, 426 (5th Cir. 2006) (noting that the Fifth Circuit "has explicitly upheld the Texas prison's practice of requiring inmates to work against the challenge that such a practice amounted to involuntary servitude" (citations omitted)).

exemption not included in RLUIPA. *Id.* Plaintiff's attempt to distinguish this case from *Aiello* fails. *See* (D.E. 25, p. 14). In *Aiello*, the plaintiff argued that the Texas Department of Criminal Justice and some of its employees violated RLUIPA by forcing him to work without compensation, thereby preventing him from tithing one-tenth of his labor as required by his faith. *Aiello*, 2:22-CV-00018 (D.E. 66, p. 2). The plaintiff sought declaratory relief in the form of a declaration stating that the defendants violated his rights; injunctive relief awarding him compensation for labor performed while incarcerated; and any additional relief that the Court deemed proper. *Id.* at 2–3. The Court ultimately found that it lacked subject matter jurisdiction over the plaintiff's claims. *See id.* at 15–16. In this case, Plaintiff argues that he is entitled to monetary damages; "[a] change in TDCJ-Policy, requiring that Plaintiff is paid"; a "fair market wage" for his work in the garment factory; an injunction; court costs; and any other relief the Court deems appropriate. (D.E. 24, p. 11–12). As such, and as the M&R correctly points out, Plaintiff's RLUIPA claim is not distinct from the RLUIPA claim in *Aiello*. (D.E. 25, p. 14). Accordingly, as in *Aiello*, the Court lacks subject matter jurisdiction over Plaintiff's RLUIPA claim and overrules Plaintiff's objections thereto.

Having reviewed the proposed findings and conclusions of the M&R, the record, the applicable law, and having made a *de novo* review of the portions of the M&R to which Plaintiff's objections are directed, 28 U.S.C. § 636(b)(1)(C), the Court **OVERRULES** Plaintiff's objections, (D.E. 27), and **ADOPTS** the findings and conclusions of the M&R, (D.E. 25). To the extent that Plaintiff raised objections other than those discussed, those objections are also **OVERRULED.** (D.E. 27). Accordingly:

    (1) The Court **DISMISSES with prejudice** all of Plaintiff's claims, with the exception of Plaintiff's RLUIPA claim, as frivolous, malicious, or for failure to state a claim. (D.E. 24).

(2) The Court **DISMISSES without prejudice** Plaintiff's RLUIPA claim for lack of subject matter jurisdiction. (D.E. 24).

A final judgment will be entered separately.

SO ORDERED.

DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Dated: Corpus Christi, Texas
May 15, 2024